Charles L. Roberts (USB No. 5137)
croberts@wnlaw.com
Cara J. Baldwin (USB No. 11863)
cbaldwin@wnlaw.com
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:  (801) 328-1707

*Attorneys for Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| NATHAN T. CONK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:10-cv-5 |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| JORDAN OUTDOOR ENTERPRISES, | ) | (Jury Trial Requested) |
| LTD., HAAS OUTDOORS, INC., KING'S | ) | |
| SHADOW CAMO, LLC, CABELA'S, INC., | ) | |
| HUNTING ATTRACTIONS, LLC, | ) | Magistrate Judge Paul M. Warner |
| LONGLEAF CAMO, LLC, MOTHWING | ) | |
| APPAREL, LLC, VANISH CAMO, LLC | ) | |
| d/b/a CAMOWEST, MATHEWS, LLC, | ) | |
| NEXT CAMO, LLC, CORE RESOURCES, | ) | |
| INC. d/b/a GAMEHIDE, AND TRUE | ) | |
| TIMBER OUTDOORS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

Plaintiff Nathan T. Conk ("Conk") complains of defendants Jordan Outdoor Enterprises,

Ltd. ("Jordan"), Haas Outdoors, Inc. ("Haas"), King's Shadow Camo, LLC ("King's"), Cabela's,

Inc. ("Cabela's"), Hunting Attractions, LLC ("Hunting Attractions"), Longleaf Camo, LLC

("Longleaf"), Mothwing Apparel, LLC ("Mothwing"), Vanish Camo, LLC d/b/a Camowest ("Camowest"), Mathews LLC ("Mathews"), Next Camo, LLC ("Next Camo"), Core Resources, Inc. d/b/a/ Gamehide ("Gamehide"), and True Timber Outdoors, Inc. ("True Timber") (collectively, "Defendants") as follows:

**JURISDICTION AND VENUE**

1.      This Complaint states a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

2.      Venue is proper in this district under 28 U.S.C. § 1391 (c)-(d) and 1400(b).

**PARTIES**

3.      Plaintiff Nathan T. Conk owns all right, title, and interest in and has standing to sue for infringement of the United States patents identified below:

- 6,342,290      "Camouflage Pattern Method and Apparatus" ("the '290 patent")

- 6,682,879      "Camouflage Pattern Method and Apparatus" ("the '879 patent")

(collectively, the "patents-in-suit").

4.      Defendant Jordan Outdoor Enterprises, Ltd. is a Georgia corporation with a principal place of business at 1390 Box Circle, Columbus, Georgia, 31907.  The Court has personal jurisdiction over Jordan because Jordan transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

5.      Defendant Haas Outdoors, Inc. is a Mississippi corporation with a principal place of business at 200 East Main Street, West Point, Mississippi, 39773.  Haas makes several camouflage products that infringe the patents-in-suit, including many sold under the trademark "MOSSY OAK."  The Court has personal jurisdiction over Haas because Haas transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

6.      Defendant King's Shadow Camo, LLC is a Utah corporation with its corporate office at 1099 West South Jordan Parkway, South Jordan, Utah, 84095.  The Court has personal jurisdiction over King's because King's transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

7.      Defendant Cabela's, Inc. is a Delaware corporation with its headquarters located at 1 Cabela Drive, Sidney, Nebraska, 69160.  Cabela's has multiple retail locations throughout the United States, including a retail store at 2502 W. Grand Terrace Parkway, Lehi, Utah, 84043.  The Court has personal jurisdiction over Cabela's because Cabela's transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

8.      Defendant Hunting Attractions, LLC is an Idaho limited liability corporation with its headquarters located at 11062 West Inglin Drive, Boise, Idaho, 83709.  The Court has

personal jurisdiction over Hunting Attractions because Hunting Attractions transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

9.      Defendant Longleaf Camo, LLC is a Mississippi limited liability corporation with its headquarters located at 1505 Airport Road, Flowood, Mississippi, 39232.  The Court has personal jurisdiction over Longleaf because Longleaf transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

10.     Defendant Mothwing Apparel, LLC is a Georgia limited liability corporation with its principal office at 1216 North Wall Street, Calhoun, Georgia, 30701.  The Court has personal jurisdiction over Mothwing because Mothwing transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

11.     Defendant Vanish Camo, LLC d/b/a Camowest is a Georgia limited liability corporation with its principal place of place of business at 104 South 1st Street, Montrose, Colorado, 81401.  The Court has personal jurisdiction over Camowest because Camowest transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

12.     Defendant Mathews, Inc. is a Wisconsin corporation with its principal place of business at 919 River Road, Sparta, WI, 54656.  The Court has personal jurisdiction over Mathews because Mathews transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

13.     Defendant Next Camo, LLC is a Georgia limited liability corporation with its principal place of business located at 10 Eleventh Street, Columbus, Georgia, 31901.  The Court has personal jurisdiction over Next Camo because Next Camo transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

14.     Defendant Core Resources, Inc. d/b/a Gamehide is a Minnesota corporation with its principal place of business at 12257 Nicollet Avenue South #C, Burnsville, Minnesota, 55337.  The Court has personal jurisdiction over Gamehide because Gamehide transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

15.     Defendant True Timber Outdoors, Inc. is a South Carolina corporation with its headquarters located at 121 Owens Drive, Inman, South Carolina, 29349.  The Court has personal jurisdiction over True Timber because True Timber transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using,

selling, or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit.

## BACKGROUND

16.     Outdoor enthusiasts often wish to blend in with the environment when participating in activities such as hunting and fishing.  To this end, outdoor enthusiasts purchase certain articles, such as clothing and equipment, which are specially designed to blend well with outdoor settings.

17.     These articles are often covered in a camouflage pattern that is comprised of colors, pictures, and designs that are arranged to blend well in a given environment.  For example, in an evergreen forested setting, a camouflage pattern including leaves and other plant life, in various hues of green would be appropriate.  In a desert setting, a camouflague pattern in lighter shades of tan and brown would be appropriate.

18.     Conk designed and developed a camouflage pattern mimicking the three-dimensional spatial relationships present between plant life and the landscape in outdoor settings. Specifically, Conk captures large and small design elements, such as leaves, grasses, branches, trees, hills, and other landscape features, which are then strategically layered to give the appearance of depth.  He also incorporates multiple hues and tones in the background, midground and foreground to further simulate depth.

19.     Conk applied for and was issued two patents on his camouflage patterns, as described and claimed in the patents-in-suit, the '290 patent and the '879 patent.

20.     Defendants manufacture and/or sell several products that depict camouflage patterns.

21.     The manufacture and/or sale of these camouflage products infringe the patent-in-suit.

22.     On information and belief, Jordan's infringing camouflage products are sold at Sportsman's Warehouse, Park's Sportsman, Payson Sports & Trophy, and Mountain West Outfitters retail stores.  Also on information and belief, Jordan sells its infringing camouflage products via Ruff-Tuff Products, LLC, and by means of the Internet in this judicial district.

23.     On information and belief, Haas' infringing camouflage products are sold at Sportsman's Warehouse, Basin Sports, C-A-L Ranch stores, Delta Sports Center, Payson Sports & Trophy, and Reams Boots & Jeans Stores retail stores.  Also on information and belief, Haas sells its infringing camouflage products via Ruff-Tuff Products, LLC, and by means of the Internet in this judicial district.

24.     On information and belief, King's infringing camouflage products are sold at Wilde Arrow, C-A-L Ranch Stores, Cabela's, Sportsman's Warehouse, and Smith & Edwards retail stores, and by means of the Internet in this judicial district.

25.     On information and belief, Cabela's sells infringing camouflage products at its Lehi, Utah store, and by means of the Internet in this judicial district.

26.     On information and belief, Hunting Attraction sells infringing camouflage products by means of the Internet in this judicial district.

27.     On information and belief, Longleaf's infringing camouflage products are sold by Trail Blaze Hunting Consultants and Triple H Hunting, and by means of the Internet in this judicial district.

28.     On information and belief, Mothwing's infringing camouflage products are sold by Nelson's Fast Track, and by means of the Internet in this judicial district.

29.     On information and belief, Camowest's infringing camouflage products are sold at Cabela's and Sportsman's Warehouse retail stores, and by means of the Internet in this judicial district.

30.     On information and belief, Mathews' infringing camouflage products are sold by Humphries Archery, the Utah Archery Center, and Wilde Arrow, and by means of the Internet in this judicial district.

31.     On information and belief, Next Camo's infringing camouflage products are sold at Sportsman's Warehouse retail stores, and by means of the Internet in this judicial district.

32.     On information and belief, Gamehide's infringing camouflage products are sold at Sportsman's Warehouse, Delta Sports Center, Gunnies, Hurst Stores, Ace Hardware, and Smith & Edwards retail stores, and by means of the Internet in this judicial district.

33.     On information and belief, True Timber's infringing camouflage products are sold at Al's Sporting Goods, Basin Sports, Sneekee, and Smith & Edward's retail stores, and by means of the Internet in this judicial district.

## COUNT I
### Patent Infringement against All Defendants

34.     Defendants have infringed, both directly and indirectly, various claims of each of the patents-in-suit in violation of 35 U.S.C. § 271 through, among other activities, the manufacture, use, importation, sale, license and/or offer for sale of camouflage patterns and products upon which camouflage patterns are printed.

35.     Defendants' infringement has been willful and deliberate as to the patents-in-suit and has occurred with knowledge of those patents in violation of 35 U.S.C. § 284 ¶ 2.

36.     Defendants will continue to infringe the patents in suit unless enjoined by this Court, which infringement has resulted and will continue to result in irreparable harm to Conk.

37.      Defendants' infringement has irreparably injured and will continue to irreparably injure Conk, unless and until this Court enters an injunction prohibiting further infringement and specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Defendants' products and/or services that fall within the scope of the patents-in-suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Conk respectfully requests this Court enter judgment against Defendants and against their subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A.     An award of damages adequate to compensate Conk for the patent infringement that has occurred, together with pre-judgment interest from the date of infringement of each respective patent-in-suit began, and costs;

B.     An award to Conk of all remedies available under 35 U.S.C. § 284, including treble damages;

C.     A finding that this case is exceptional and an award to Conk of all remedies available under 35 U.S.C. § 285, including an award of attorney's fees;

D.     A permanent injunction prohibiting further infringement, inducement and contributory infringement of the patents-in-suit; and

E.     Such other and further relief as this Court or a jury may deem proper and/or just.

**JURY DEMAND**

Conk demands a trial by jury on all issues so triable.

DATED this 4th day of January, 2010.

WORKMAN NYDEGGER

By____/s/ Charles L. Roberts_____
       Charles L. Roberts
       Cara J. Baldwin
       1000 Eagle Gate Tower
       60 East South Temple
       Salt Lake City, UT  84111
       (801) 533-9800
       (801) 328-1707 (FAX)

       Attorneys for Plaintiff