**Scott D. Swanson USB# 11777**
**DYKAS, SHAVER & NIPPER LLP**
**1403 W. Franklin St.,**
**P.O. Box 877**
**Boise, Idaho  83701-0877**
**Telephone:  (208) 345-1122**
**Facsimile:  (208) 345-8370**

*Attorneys for Defendants, Hunting Attractions, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **NATHAN T. CONK,** | |
| Plaintiff, | |
| v. | |
| **JORDAN OUTDOOR ENTERPRISES, LTD., HAAS OUTDOORS, INC., KING'S SHADOW CAMO, LLC, CABELA'S, INC., HUNTING ATTRACTIONS, LLC, LONGLEAF CAMO, LLC, MOTHWING APPAREL, LLC, VANISH CAMO, LLC d/b/a CAMOWEST, MATHEWS, LLC, NEXT CAMO, LLC, CORE RESOURCES, INC. d/b/a GAMEHIDE AND TRUE TIMBER OUTDOORS, INC.,** | Civil Action No.: 2:10-CV-5-PMW<br><br>**Jury Demanded**<br><br>Magistrate Judge Paul M. Warner<br><br>**ANSWER AND COUNTERCLAIM** |
| Defendants. | |

## ANSWER, DEFENSES AND COUNTERCLAIMS
## OF HUNTING ATTRACTIONS, LLC.

Defendant Hunting Attractions, LLC, (HA) files this Answer, Defenses, and Counterclaims in response to the Complaint filed and served by Plaintiff Nathan T. Conk ("Conk").  Defendant HA, answers pursuant to agreement for extension of time to answer with Plaintiff's counsel.

HA answers the specifically numbered paragraphs of Conk's Complaint as follows:

8823439.1

1. HA admits that Paragraph 1 alleges a claim for patent infringement arising under Title 35 of the United States Code but denies that any proper claim for patent infringement exists. HA admits that the Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

2. HA denies the allegations in Paragraph 2.

3. HA admits that U.S. Patent No. 6,342,290 ("the '290 Patent") is entitled "Camouflage Patterns Method and Apparatus" and lists Nathan T. Conk as the inventor. HA further admits that U.S. Patent No. 6,682,879 ("the '879 Patent") is entitled "Camouflage Patterns Method and Apparatus" and lists Nathan T. Conk as the inventor. Except as expressly admitted above, HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies those allegations.

4. The allegations in Paragraph 4 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. The allegations in Paragraph 5 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. The allegations in Paragraph 6 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. The allegations in Paragraph 7 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. HA admits that it is an Idaho limited liability company with its headquarters located at 11062 West Inglin Drive, Boise, Idaho, 83709. HA otherwise denies the allegations of paragraph 8.

9. The allegations in Paragraph 9 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. The allegations in Paragraph 10 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. The allegations in Paragraph 11 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. The allegations in Paragraph 12 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. The allegations in Paragraph 13 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. The allegations in Paragraph 14 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. The allegations in Paragraph 15 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies those allegations.

17. HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies those allegations.

18. HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies those allegations.

19. HA admits that the '290 Patent appears to have issued on January 29, 2002 and lists Nathan T. Conk as the inventor. HA further admits that the '879 Patent appears to have issued on January 27, 2004 and lists Nathan T. Conk as the inventor. Except as expressly admitted, HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies those allegations.

20. HA denies the allegations of Paragraph 20 as they relate to HA. HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 as they relate to the remaining Defendants.

21. HA denies the allegations in Paragraph 21.

22. HA denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. The allegations in Paragraph 24 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. The allegations in Paragraph 25 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Denied.

27. The allegations in Paragraph 27 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. The allegations in Paragraph 28 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. The allegations in Paragraph 29 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. The allegations in Paragraph 30 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. The allegations in Paragraph 31 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

8823439.1

32. The allegations in Paragraph 32 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. The allegations in Paragraph 33 are not directed towards HA, and HA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. HA denies the allegations in Paragraph 34.

35. HA denies the allegations in Paragraph 35.

36. HA denies the allegations in Paragraph 36.

37. HA denies the allegations in Paragraph 37.

## CONK'S PRAYER FOR RELIEF

HA denies that Conk is entitled to any relief set forth in its "Prayer for Relief," or to any relief at all.

## JURY DEMAND

HA acknowledges that Conk has demanded a jury trial.

## DEFENSES

HA alleges the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law regardless of how such defenses are denominated herein:

## FIRST DEFENSE

HA has not directly or indirectly infringed and is not directly or indirectly infringing the claims of the '290 and '879 patents either literally or under the doctrine of equivalents.

## SECOND DEFENSE

Conk's claims of patent infringement and damages, in whole or in part, are barred by the applicable statute of limitations.

### THIRD DEFENSE

Upon information and belief, the equitable doctrines of waiver, estoppel, implied license, unclean hands, and/or laches bar some or all of Conk's claims for damages and other relief.

### FOURTH DEFENSE

Upon information and belief, the claims of the '290 and '879 patents are invalid for failure to comply with the requirements of the patent laws of the United States including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FIFTH DEFENSE

The '290 and '879 patents are limited in scope because during prosecution before the U.S. Patent and Trademark Office, Conk, through amendment and/or argument, bound himself to a limited scope of claim interpretation and a limited application for the Doctrine of Equivalents.

### SIXTH DEFENSE

The Complaint is barred, in whole or in part, by equitable principles, including the doctrine of unclean hands and/or patent misuse because Conk is seeking to enforce patents which, upon information and belief, Conk knows to be invalid, void, unenforceable, and/or not infringed.

### SEVENTH DEFENSE

Conk's claims for injunctive relief are barred because Conk has an adequate remedy at law and because any alleged harm is neither immediate nor irreparable.

8823439.1

WHEREFORE, HA hereby demands judgment dismissing Conk's Complaint with prejudice, judgment for costs and fees of suit, and for such other relief as the Court may deem just and proper.

## COUNTERCLAIMS

Defendant HA hereby submits the following counterclaims against Conk, and in support thereof, alleges as follows:

1. Conk has filed a Complaint against HA seeking, inter alia, a judgment that HA has infringed the claims of the '290 and '879 Patents. As a result of the filing of the Complaint, an immediate and justiciable controversy exists between Conk and HA regarding the alleged infringement, the validity, and the enforceability of the '290 and '879 Patents.

2. The following counterclaims arise under the patent laws of the United States, 25 U.S.C. § 1, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3. Subject matter jurisdiction in this Court is proper under, inter alia, 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Conk because, inter alia, Conk has submitted to the jurisdiction of this Court by filing Conk's Complaint.

5. Venue is proper in this Court because, inter alia, Conk has submitted to the jurisdiction of this Court and selected this venue by filing its Complaint with this Court.

### COUNT ONE
**(Declaration of Non-Infringement of the '290 Patent)**

6. The preceding paragraphs are incorporated by reference as if restated in their entirety.

7. HA seeks a declaration that it has not directly or indirectly infringed and is not directly or indirectly infringing the claims of the '290 Patent either literally or under the doctrine of equivalents.

## COUNT TWO
### (Declaration of Invalidity of the '290 Patent)

8. The preceding paragraphs are incorporated by reference as if restated in their entirety.

9. HA seeks a declaration that the claims of the '290 Patent are invalid for failure to comply with the requirements of the patent laws of the United States including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT THREE
### (Declaration of Non-Infringement of the '879 Patent)

10. The preceding paragraphs are incorporated by reference as if restated in their entirety.

11. HA seeks a declaration that it has not directly or indirectly infringed and is not directly or indirectly infringing the claims of the '879 Patent either literally or under the doctrine of equivalents.

## COUNT FOUR
### (Declaration of Invalidity of the '879 Patent)

12. The preceding paragraphs are incorporated by reference as if restated in their entirety.

13. HA seeks a declaration that the claims of the '879 Patent are invalid for failure to comply with the requirements of the patent laws of the United States including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT FIVE
### (Declaration of Award of Attorneys' Fees, Costs, and Expenses)

14. The preceding paragraphs are incorporated by reference as if restated in their entirety.

15. This action is an exceptional case under 35 U.S.C. § 285 and HA is entitled to reimbursement of attorneys' fees, costs, and expenses from Conk.

## PRAYER FOR RELIEF

WHEREFORE, HA respectfully requests that this Court enter a Judgment and Order:

(a) Dismissing the Complaint, and each and every claim for relief contained therein, with prejudice;

(b) Declaring that HA has not infringed and is not infringing the claims of the '290 Patent;

(c) Declaring the claims of the '290 Patent invalid for failure to comply with the requirements of the patent laws of the United States including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112;

(d) Declaring that HA has not infringed and is not infringing the claims of the '879 Patent;

(e) Declaring the claims of the '879 Patent invalid for failure to comply with the requirements of the patent laws of the United States including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112;

(f) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding HA its attorneys' fees, costs, and expenses; and

(g) Granting HA such other and further relief as this Court's deems just and proper.

Respectfully submitted this 1st day of March, 2010.

                      By:    /Scott D. Swanson/_____
                               Scott D. Swanson
                               DYKAS, SHAVER & NIPPER LLP
                               1403 W. Franklin St.,
                               P.O. Box 877
                               Boise, Idaho  83701-0877
                               Telephone:  (208) 345-1122
                               Facsimile:  (208) 345-8370
                               Attorneys for Defendant Hunting Attractions, LLC

## **CERTIFICATE OF SERVICE**

On March 1, 2010, I electronically filed the foregoing Answer and Counterclaim using the CM/ECF system which will send notification to the following registered CM/ECF users:

Charles L. Roberts
Cara J. Baldwin

Dated: March 1, 2010.

                                                  By:  /Scott D. Swanson/
                                                  Scott D. Swanson
                                                  DYKAS, SHAVER & NIPPER LLP
                                                  1403 W. Franklin St.,
                                                  P.O. Box 877
                                                  Boise, Idaho 83701-0877
                                                  Telephone: (208) 345-1122
                                                  Facsimile: (208) 345-8370
                                                  Attorneys for Defendant Hunting Attractions, LLC

8823439.1