Benson L. Hathaway Jr. (USB No.:  4219)
bhathaway@kmclaw.com
Jarod R. Marrott (USB No.:  10219)
jmarrott@kmclaw.com
**KIRTON & McCONKIE, PC**
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone:  801-328-3600
Facsimile:  801-321-4893

Daniel J. Warren (admitted pro hac vice)
daniel.warren@sutherland.com
Jeffrey D. Blake (admitted pro hac vice)
jeffrey.blake@sutherland.com
Louise T. Rains (admitted pro hac vice)
louise.rains@sutherland.com
**SUTHERLAND ASBILL & BRENNAN LLP**
999 Peachtree Street, NE
Atlanta, GA 30309-3996
Telephone:  404-853-8000
Facsimile:  404-853-8806

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NATHAN T. CONK, | |
| Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT JORDAN OUTDOOR ENTERPRISES, LTD.'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON ANTICIPATION** |
| v. | |
| JORDAN OUTDOOR ENTERPRISES, LTD., HAAS OUTDOORS, INC., KING'S SHADOW CAMO, CABELA'S, INC., HUNTING ATTRACTIONS, LLC, MOTHWING APPAREL, LLC, MATHEWS, LLC, NEXT CAMO, LLC, CORE RESOURCES, INC. d/b/a GAMEHIDE, AND TRUE TIMBER OUTDOORS, INC., | Civil Action No. 2:10-cv-00005-DB |
| | Judge Dee Benson |
| Defendants. | |

## TABLE OF CONTENTS

I.   IT IS UNDISPUTED THAT CONK ASSERTED INFRINGEMENT BY THE HARDWOODS 20-200 CAMOUFLAGE PATTERN, AND CONK CANNOT NOW RETREAT FROM HIS OWN INFRINGEMENT CONTENTIONS.......................2

   A.   Conk Tries To Back Away From His Own Infringement Contentions By Claiming They Were "Preliminary." ...................................................................3

   B.   Conk Takes Contradictory Positions On The Method Claims Of The '879 Patent.............................................................................................................................3

II.  THE HARDWOODS 20-200 PATTERN IS PRIOR ART UNDER 35 U.S.C. § 102(B). ..................................................................................................................................5

   A.   The 1998 Copyright Registration For The Hardwoods 20-200 Pattern Was A Prior Art Publication. ........................................................................................5

   B.   The Hardwoods 20-200 Pattern Was "In Public Use" In 1998, And Thus It Qualifies As Prior Art. ........................................................................................6

      1.   The contemporaneous evidence demonstrates the Hardwoods 20-200 pattern was in public use by July 1998. .................................................6

      2.   Mr. Patterson's Declaration also establishes the Hardwoods 20-200 pattern was in public use by July 1998. ........................................................7

III. CONCLUSION..............................................................................................................10

## TABLE OF AUTHORITIES

### CASES

Avakoff v. S. Pac. Co.,
    765 F.2d 1097 (Fed. Cir. 1985) ..................................................................................6, 7

Gould-National Batteries, Inc. v. Gulton Indust., Inc.,
    361 F.2d 912 (3d Cir. 1966) ............................................................................................1

In Re Kopfenstein,
    380 F.3d 1345 (Fed. Cir. 2004) ......................................................................................6

Juicy Whip, Inc. v. Orange Bang, Inc.,
    292 F.3d 728 (Fed. Cir. 2002) ......................................................................................10

Orion IP, LLC v. Hyundai Motor Am.,
    605 F.3d 967 (Fed. Cir. 2010) ........................................................................................5

In re Reuter,
    670 F.2d 1015 (Cust. & Pat. App. 1981) .......................................................................8

Sabasta v. Buckaroos, Inc.,
    507 F. Supp. 2d 986 (S.D. Iowa 2007) ..........................................................................8

Sandt Tech. Ltd. v. Resco Metal and Plastics Corp.,
    264 F.3d 1344 (Fed. Cir. 2001) ......................................................................................8

Woodland Trust v. Flowertree Nursery, Inc.,
    48 F.3d 1368 (Fed. Cir. 1998) ...................................................................................9, 10

Washburn & Moen Mfg. Co. v. Beat 'Em All Barbed-Wire Co.,
    143 U.S. 275 (1893) ........................................................................................................9

### STATUTES

15 U.S.C. § 1057(b) ................................................................................................................7

17 U.S.C. § 410(c) ..................................................................................................................6

35 U.S.C. § 102(b) ............................................................................................................ passim

Plaintiff Conk's Opposition to JOEL's summary judgment motion fails to rebut the straightforward, largely undisputed point that by asserting that the prior art Realtree Hardwoods 20-200 camouflage pattern infringes the '290 and '879 patents-in-suit, Conk necessarily admits that the Hardwoods 20-200 pattern anticipates the claims of those patents.

Conk does not dispute that he asserted infringement of the '290 and '879 patents by the Hardwoods 20-200 pattern in his August 2010 Infringement Contentions. Conk also does not dispute that he provided claim charts with his Infringement Contentions, setting out the alleged infringement by the Hardwoods 20-200 pattern on a claim-by-claim basis. Further, there can be no serious dispute that the copy of the Hardwoods 20-200 pattern relied upon by Conk in his Infringement Contentions is the same as that attached to JOEL's July 1998 Copyright Registration for the pattern as they both bear the same production no. JOEL000022. Moreover, Conk does not dispute that "it is an established axiom of the patent law that a device or method which would infringe if later than the disputed patent, anticipates if earlier." *Gould-National Batteries, Inc. v. Gulton Indust., Inc.*, 361 F.2d 912, 914 (3d Cir. 1966).

Faced with the undisputed facts and law, Conk tries to back away from his own Infringement Contentions. Conk claims that his Infringement Contentions were "preliminary," though Conk obviously believed that he had the necessary information at the time he provided his contentions. Moreover, Conk has made no effort to change his contentions in the four months since they were served. In other words, Conk is still alleging to this Court that the Hardwoods 20-200 pattern infringes the claims of his patents.

Conk also claims that "[i]t is difficult, if not impossible" to determine if the limitations of the method claims of the '879 patent are met just by looking at the Hardwoods 20-200 pattern. If

1

that is correct, it begs the question: How did Conk have enough information to provide a claim chart asserting infringement of the method claims of the '879 patent based solely on a review of the Hardwoods 20-200 pattern? Conk asks the Court to accept that the Hardwoods 20-200 pattern provides enough information to assert infringement but not enough information to evaluate invalidity. Conk cannot have it both ways.

Finally, Conk argues that the Hardwoods 20-200 pattern is not prior art under 35 U.S.C. § 102(b), claiming that there is insufficient evidence that the Hardwoods 20-200 pattern was "in commercial use" by the 1998 critical date. This is incorrect. First, JOEL's 1998 Copyright Registration for Hardwoods 20-200 was an accessible "printed publication" that qualifies as prior art under § 102(b), a fact Conk ignores and which stands unrebutted. Second, contemporaneous documentation, supported by the declaration of Mr. Thomas Patterson, demonstrates that the Hardwoods 20-200 pattern was in commercial use by July 1998.

The bottom line is that Conk has asserted infringement by a prior art product. As such, JOEL requests that the Court find the asserted claims of the '290 and '879 patents invalid as anticipated.

## I.   IT IS UNDISPUTED THAT CONK ASSERTED INFRINGEMENT BY THE HARDWOODS 20-200 CAMOUFLAGE PATTERN, AND CONK CANNOT NOW RETREAT FROM HIS OWN INFRINGEMENT CONTENTIONS.

As JOEL explained in its Opening Brief, the invalidity of the asserted claims of the '290 and '879 patents is demonstrated by Conk's allegations that the Hardwoods 20-200 pattern infringes those patents, even though the pattern clearly constitutes prior art under 35 U.S.C. § 102(b). Conk alleges in his Infringement Contentions that the Hardwoods 20-200 pattern infringes claims 1-8, 11-23, 26-37, and 40-43 of the '290 Patent and claims 1-9 and 11-18 of the '879 Patent. [D.I. # 182, Exhibit A.] As part of those contentions, Conk attached claim charts

purporting to show infringement by the Hardwoods 20-200 pattern. [D.I. # 182, Exhibit B.] Those claim charts included images of the Hardwoods 20-200 pattern allegedly showing the specific claim elements found in the pattern.

Conk claims there is no evidence that the Hardwoods 20-200 pattern available in 1998 is the same as the Hardwoods 20-200 pattern Conk currently alleges to be infringing. [D.I. # 197 at 7-8.] Conk ignores, however, that the Hardwoods 20-200 pattern Conk attached to its Infringement Contentions (bearing Bates stamp JOEL000022) is the <u>same</u> as the Hardwoods 20-200 pattern attached to the 1998 Copyright Registration (bearing Bates stamp JOEL000020-22). [<u>Compare</u> D.I. # 182, Exhibit B to D.I. #182, Exhibit C.] The fact is the patterns are the same.

    A.    <u>Conk Tries To Back Away From His Own Infringement Contentions By Claiming They Were "Preliminary."</u>

In his Opposition, Conk attempts to distance himself from his own Infringement Contentions because he realizes that those contentions establish invalidity. Conk retreats by claiming that the Infringement Contentions were "preliminary" and cannot be relied upon for purposes of this motion. [D.I. # 197 at 6.] Conk, however, obviously believed that the contentions were correct at the time they were served. Moreover, Conk has not sought to withdraw or amend the contentions during the intervening four months of fact discovery. Conk thus should not be heard to claim that his Infringement Contentions are inapplicable in the context of this motion.

    B.    <u>Conk Takes Contradictory Positions On The Method Claims Of The '879 Patent.</u>

Conk also argues that the method claims of the '879 patent should not be held invalid because the Hardwoods 20-200 pattern itself does not disclose enough information to anticipate those method claims. [D.I. # 197 at 13.] Conk's argument again fails because it is contradicted

by his Infringement Contentions.  Conk analyzed the Hardwoods 20-200 pattern and asserted that the method claims of the '879 patent are infringed by that pattern.  [D.I. # 182, Exhibit A.]  Conk provided claim charts for those method claims, some of which cite only to the Hardwoods 20-200 pattern – which evidences his belief that the infringement of the method claims can be established with nothing more than the pattern.  For instance, Conk relies on the pattern image for the Hardwoods 20-200 pattern as basis for the alleged infringement of Claim 1(d) of the '879 patent, stating: "[t]he leaf X overlaps the tree trunk Z which, in turn, overlaps the branch Y to create the synthetic perspective relationship."  [See D.I. # 182, Exhibit B, contentions for claim 1 of the '879 patent; see also D.I. # 182, Exhibit B, contentions for claims 2-3, 7-8, 13 and 17 of the '879 patent.]

   Nonetheless, when discussing invalidity, Conk claims that "no one contends, and there is no evidence, that the public could learn the claimed processes by examining Jordan's products."  [D.I. # 197 at 13-14.]  Conk further states that "[i]t is difficult, if not impossible, to determine whether a camouflage pattern on a coat was created by using these two method steps [in Claim 1 of the '879 patent] merely by inspecting the coat."  Id. at 14.  If Conk's representations are to be believed, comparing JOEL's accused patterns with the patent claims to determine whether they infringe the method claims is "difficult, if not impossible."  Such an assertion raises serious doubts as to Conk's basis for bringing suit against JOEL for infringement of claims in the '879 patent.

   Conk is attempting to have it both ways.  For infringement, Conk would rely on the Hardwoods 20-200 pattern to meet the limitations of the method claims of the '879 patent.  For invalidity, Conk would require more than the Hardwoods 20-200 pattern.  This is improper.

## II. THE HARDWOODS 20-200 PATTERN IS PRIOR ART UNDER 35 U.S.C. § 102(B).

The contemporaneous documents, along with Mr. Patterson's Declaration establish that the Hardwoods 20-200 pattern is prior art to the '290 and '879 patents under 35 U.S.C. § 102(b). A patent is said to be anticipated, and therefore invalid, under § 102(b) if "the invention was patented or <u>described in a printed publication</u> in this or a foreign country <u>or in public use</u> or on sale in this country, more than one year prior to the date of the application for patent in the United States…."[1] (Emphasis added). Here, the evidence establishes that (1) the 1998 Copyright Registration for the Hardwoods 20-200 pattern was a prior art printed publication, a point Conk ignores in his Opposition, and (2) the Hardwoods 20-200 pattern was "in public use" before the November 1998 critical date.[2]

### A. The 1998 Copyright Registration For The Hardwoods 20-200 Pattern Was A Prior Art Publication.

The Hardwoods 20-200 Copyright Registration (which included the same copy of the Hardwoods 20-200 pattern Conk now relies upon in his Infringement Contentions) qualifies as a prior art printed publication under § 102(b). To qualify as a printed publication, the "publication must have been disseminated or <u>otherwise made accessible</u> to persons interested and ordinarily skilled in the subject matter to which the [publication] relates prior to the critical date. . . " *Orion IP, LLC v. Hyundai Motor Am.*, 605 F.3d 967, 974 (Fed. Cir. 2010) (emphasis added).

---

[1] JOEL has an independent basis to assert invalidity at least under 35 U.S.C. § 102(g). JOEL reserves the right to bring a separate motion under this statute.

[2] The critical date is "defined as the date one year prior to the filing date of the patent application." *Orion*, 605 F.3d at 974. In this case, it is undisputed that the critical date is November 8, 1998 – one year prior to the filing of the '290 patent.

The Hardwoods 20-200 Copyright Registration has an effective filing date of July 24, 1998. [D.I. # 182, Exhibit C.] It was housed in the Library of Congress and publicly accessible to one of ordinary skill in camouflage patterns prior to November 8, 1998, if one desired to locate it. *See In Re Kopfenstein*, 380 F.3d 1345, 1349 (Fed. Cir. 2004) (noting that the inquiry for a printed publication is whether or not a reference has been made "publicly accessible").[3]

Conk's Opposition ignores that the 1998 Copyright Registration and accompanying copy of the Hardwoods 20-200 pattern constitute a printed publication. Indeed, Conk fails to provide a rebuttal or any disputed facts on this point because it is clear that the 1998 Copyright Registration is a printed publication under § 102(b), and thus prior art to the '290 and '879 patents.

    B.    The Hardwoods 20-200 Pattern Was "In Public Use" In 1998, And Thus It Qualifies As Prior Art.

The Hardwoods 20-200 pattern also qualifies as prior art under § 102(b) because it was "in public use" or "use in commerce"[4] before the November 8, 1998 critical date. The contemporaneous evidence and Mr. Patterson's Declaration clearly establish that Hardwoods 20-200 was in public use as early as July 1998.

        1.    The contemporaneous evidence demonstrates the Hardwoods 20-200 pattern was in public use by July 1998.

With respect to the contemporaneous evidence, the Statement of Use accompanying JOEL's Trademark Application for the phrase Hardwoods 20-200 clearly states that JOEL had

---

[3] 17 U.S.C. § 410(c) states that the certificate of registration is "*prima facie* evidence of the validity of the copyright and of the facts stated in the certificate."

[4] The Federal Circuit in turn has defined "use in commerce" to mean a "bona fide sale or transportation in commerce which may lawfully be regulated by Congress." *Avakoff v. S. Pac.*

put goods containing the Hardwoods 20-200 pattern into use in commerce by July 1998. [D.I. # 182, Exhibit D.] Specifically, the Statement of Use, which Conk acknowledges is a sworn statement, recites that the Hardwood 20-200 "[trademark] was first used <u>on the class 16 and 24 goods</u> anywhere and in the interstate commerce <u>in July 1998</u>." <u>Id.</u> (emphasis added.) The "class 24" goods referred to in the Statement of Use are defined as cotton, wool and synthetic fabrics <u>having a camouflage pattern</u>. Trademark FAQs, http://www.uspto.gov/faq/trademarks.jsp, last accessed on December 16, 2010. Thus, the Statement of Use makes clear that the trademark was used on fabrics having the Hardwoods 20-200 pattern that were in commerce in July 1998. As the Hardwoods 20-200 pattern was in commerce, it necessarily follows that it was in public use (or on sale) in July 1998.[5]

        2.    Mr. Patterson's Declaration also establishes the Hardwoods 20-200 pattern was in public use by July 1998.

Mr. Patterson's Declaration likewise establishes the Hardwoods 20-200 pattern was "in public use" before the November 1998 critical date. Conk is correct that JOEL must corroborate Mr. Patterson's statements in order to prevail on summary judgment, but Conk ignores that JOEL has provided corroboration in the form of two contemporaneous documents - the Hardwoods 20-200 Trademark Application (including the Statement of Use) and the 1998 Copyright Registration.

---

*Co.*, 765 F.2d 1097, 1098 (Fed. Cir. 1985).

[5] Under 15 U.S.C. § 1057(b), a certificate of registration of a mark is "*prima facie* evidence of the validity of the registered mark…and of the registrant's exclusive right to use the registered mark in commerce."

The corroboration needed to support Mr. Patterson's Declaration is subject to a "rule of reason" analysis. *See Sandt Tech. Ltd. v. Resco Metal and Plastics Corp.*, 264 F.3d 1344 (Fed. Cir. 2001) (applying a "rule of reason" analysis to find sufficient corroborating evidence that, as a matter of law, evidence of a prior invention had been substantiated). The rule of reason analysis requires an "evaluation of all pertinent evidence," so that "a sound determination of the credibility of the [declarant's] story can be reached." *Sabasta v. Buckaroos, Inc.*, 507 F.Supp.2d 986, 995 (S.D. Iowa 2007).

There is no single formula for applying the "rule of reason" analysis, but the predecessor to the Federal Circuit identified a number of factors to take into consideration:

1. Relationship between the corroborating witness and the alleged prior user
2. Time period between the event and trial
3. Interest of the corroborating witness in the subject matter in suit
4. Contradiction or impeachment of the witness; testimony
5. The extent and details of the corroborating testimony
6. The witness; familiarity with the subject matter of the patented invention and the prior use
7. Probability that a prior use could occur considering the state of the art at the time, and
8. Impact of the invention on the industry and commercial value of its practice

*In re Reuter*, 670 F.2d 1015, 1021 (Cust. & Pat. App. 1981).

Here, the applicable rule of reason factors weigh heavily in favor of a finding that Mr. Patterson's Declaration is corroborated.[6] All of the corroborating evidence was accessible and/or introduced to the public contemporaneously with the date the prior art was created and/or

---

[6] Some of the rule of reason factors discussed above are inapplicable to this situation, including the relationship between the corroborating witness and the alleged prior user, the interest of the corroborating witness in the subject matter of the suit, and thee witness' familiarity with the subject matter of the patented invention and the prior use.

marketed. This evidence was created well in advance of Conk's claimed invention and well in advance of his filing this lawsuit. Further, Conk offers <u>no</u> evidence to contradict or impeach Mr. Patterson's statements regarding the dates on which JOEL put the Hardwoods 20-200 pattern into commerce. Instead, Conk relies on broad legal arguments devoid of factual support.

With respect to the extent and details of the corroborating documents, the Statement of Use specifically states that JOEL put the Hardwoods 20-200 pattern into "use in commerce" by July 1998. The remainder of the Hardwoods 20-200 Trademark Application and the 1998 Copyright Registration are consistent with the Statement of Use. Moreover, given that evidence shows the Hardwoods 20-200 pattern was present at the industry-wide SHOT Show in February 1999, there is no reason to think JOEL could not have created the pattern at the time, and there is evidence that the pattern had an impact on the industry and was of commercial value. [<u>See</u> D.I. # 182, Exhibit F.]

Finally, the corroboration cases cited by Conk are factually distinguishable because in those cases the allegedly corroborating evidence was either oral testimony (as opposed to documents) or not contemporaneous to the facts at issue. In *Washburn & Moen Mfg. Co. v. Beat 'Em All Barbed-Wire Co.*, the Supreme Court stated that "[w]e have now to deal with certain unpatented devices, claimed to be complete anticipations of this patent, the existence and use of which are proven <u>only</u> by oral testimony." (emphasis added) 143 U.S. 275, 284 (1893). Similarly, in *Woodland Trust v. Flowertree Nursery, Inc.*, the Federal Circuit found that "[i]n this case, despite the asserted many years of commercial and public use, we take note of the

absence of any physical record to support the oral evidence." 48 F.3d 1368, 1373 (Fed. Cir. 1998) (emphasis added).  In *Juicy Whip, Inc. v. Orange Bang, Inc.*, the Federal Circuit held, "The one writing proffered to corroborate the oral testimony in this case is inadequate to meet the applicable standard of proof.  Reliable evidence of corroboration preferably comes in the form of physical records that were made contemporaneously with the alleged prior invention." 292 F.3d 728, 743 (Fed. Cir. 2002) (emphasis added).  Here, Mr. Patterson's Declaration is accompanied by contemporaneous documentary evidence.

In sum, under a rule of reason analysis, JOEL's corroborating evidence, unrebutted by Conk, weighs in support of Mr. Patterson's statements that the Hardwoods 20-200 pattern was in commercial use by July 1998, and the Hardwoods 20-200 pattern thus constitutes prior art that was "in public use" under §102(b).

## III.   CONCLUSION

WHEREFORE, JOEL respectfully requests that the Court grant summary judgment finding that claims 1-8, 11-23, 26-37, and 40-43 of the '290 Patent and claims 1-9 and 11-18 of the '879 Patent are invalid as anticipated under 35 U.S.C.A. § 102(b).

Date:  December 16, 2010     By:   /s/Jarod Marrot_____

Benson L. Hathaway Jr. (USB No.:  4219)
bhathaway@kmclaw.com
Jarod R. Marrott (USB No.:  10219)
jmarrott@kmclaw.com
**KIRTON & McCONKIE, PC**
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone:  801-328-3600
Facsimile:  801-321-4893

Daniel J. Warren (admitted pro hac vice)
daniel.warren@sutherland.com
Jeffrey D. Blake (admitted pro hac vice)
jeffrey.blake@sutherland.com
Louise T. Rains (admitted pro hac vice)
louise.rains@sutherland.com
**SUTHERLAND ASBILL & BRENNAN LLP**
999 Peachtree Street, NE
Atlanta, GA 30309-3996
Telephone:  404-853-8000
Facsimile:  404-853-8806

10637675.2                                              11

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>16th</u> day of December, 2010, the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT JORDAN OUTDOOR ENTERPRISES, LTD.'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON ANTICIPATION** was electronically filed with the Clerk of the Court, District of Utah, using the CM/ECF system, which sent notification of such filing to the following:

Cara J. Baldwin
cbaldwin@wnlaw.com
Charles L. Roberts
croberts@wnlaw.com
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
*Attorneys for Plaintiff Nathan T. Conk*

Daniel J. Warren
daniel.warren@sutherland.com
Jeffrey D. Blake
Jeffrey.blake@sutherland.com
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, GA 30309
*Attorneys for Jordan Outdoor Enterprises, Ltd.*

Gregory P. Sitrick
K&L GATES LLP
70 W. Madison
Suite 3100
Chicago, IL 60602
gregory.sitrick@klgates.com

Attorneys for Cabela's, Inc.

W. Whitaker Rayner
WATKINS LUDLAM WINTER & STENNIS, P.A.
P.O. Box 427
Jackson, MS 39205-0427
Telephone: (601) 949-4724
wrayner@watkinsludlam.com

   /s/Jarod R. Marrott