Charles L. Roberts (5137, *croberts@wasatch-ip.com*)
**WASATCH-IP, A PROFESSIONAL CORPORATION**
2825 E. Cottonwood Parkway, Suite 500
Salt Lake City, Utah  84121
Telephone:  (801) 292-5300
Facsimile:  (801) 506-6699

*Attorney for Plaintiff, Nathan T. Conk*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NATHAN T. CONK, | Civil Action No. 2:10-CV-5-DN |
| Plaintiff, | |
| | HONORABLE DAVID NUFFER |
| v. | |
| HAAS OUTDOORS, INC., | **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO LIFT STAY** |
| Defendant. | |

     In opposition to Mr. Conk's motion to stay, Haas, in its explanation of why it filed yet another Request for Reexamination, concedes that the new prior art on which it relies was at its fingertips—Haas states that it "immediately searched for and readily located multiple books [describing] available Adobe Photoshop software."  Noticeably missing from Haas' explanation is why it could not have cited these readily available books when it filed its first Request for Reexamination.

     In an attempt to assert that its second Reexamination Request will succeed whereas its first request failed, Haas asserts that "[t]he invalidation of the product claims of the '290 Patent renders Conk's method claims suspect."  This statement rings hollow when one considers that

1

Mr. Conk made the conscious decision not to respond to the '290 Reexamination, essentially allowing a default to be taken. Instead, he focused his limited resources on contesting the reexamination of the '879 Patent *and prevailed*—not a single claim was substantively amended. Surely the prior reexamination of the '879 Patent is the most relevant data point in considering the likelihood of success of a successive reexamination of the same patent.

Haas marches through the factors to be considered in deciding a motion to stay as though this case was just filed. Missing from Haas' evaluation is any reference to the fact that this case was filed over three years ago. Indeed, with a 60-to-90 day discovery period (including experts), the parties could be ready for trial. Haas has already filed (and had denied) a summary judgment motion. There are no *Markman* proceedings to conduct. The vast majority of the validity issues have been decided in the first Reexamination proceeding. It is time for Mr. Conk to have his day in court. There is no reason this case could not be set for a summer 2013 trial.

Haas cites to *Xpedite Systems LLC v. J2 Global Communications, Inc.*, 2012 U.S. Dist. LEXIS 114262 (N.D. Ga. Aug. 13, 2012), as supporting its argument to maintain the stay in view of a second reexamination request. However, in *Xpedite Systems*, there were two patents in suit, each in reexamination. One patent came out of reexamination without amendment only to be put back in reexamination with a successive request. The other patent, in contrast, was still in reexamination and was headed for appeal within the PTO. It was because of that ongoing reexamination that the court stated that continuing the stay was warranted. Regarding the successive request for reexamination, the court cautioned: "The Court does note that the '643 Patent request is a successive reexamination and weighs this delay's prejudice in light of the first reexamination's results; the Court does not want to encourage piece-meal litigation or delay

tactics." *Id*. Here, there is no other reexamination to counterbalance the delay induced by Haas' successive reexamination request.

In *Atlantic Construction Fabrics, Inc. v. Metrochem, Inc.*, 2007 U.S. Dist. LEXIS 77205 (W.D. Wash. Oct. 9, 2007), also relied upon by Haas, after noting the prejudice to the plaintiff arising from the delay, the court refused to lift the stay but set a date nine months into the future by which it would reconsider lifting the stay if a final determination in the reexamination had not been reached. *Id*. In the case at bar, trial could be completed in nine months.

Haas complains that because of the *ex parte* nature of reexamination proceedings, it has been unable to "challenge or address the new claims asserted by Conk and approved by the examiner." Proceeding with the litigation would relieve Haas of the disadvantage of the *ex parte* nature of the reexamination.

Finally, Haas argues that the new claims introduced during reexamination will complicate the case, even hinting that a *Markman* hearing may be needed. Yet, it fails to identify any new claim terms that require interpretation. The new claims are not directed to new subject matter; indeed, they are required by law to be narrower than the original claims. 35 U.S.C. §305 ("No proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding under this chapter."). Haas' argument of increased complexity is a red herring.

Haas has had its opportunity to pursue reexamination. Any remaining validity issues can be determined by the jury. It is time to move this case forward. Mr. Conk requests that the stay be lifted and that the case be set for trial.

Respectfully submitted this 22nd day of March, 2013.

Wasatch-IP, A Professional Corporation

By  /s/ Charles L. Roberts
Charles L. Roberts
2825 E. Cottonwood Parkway, Suite 500
Salt Lake City, UT  84121
(801) 292-5300
(801) 506-6699 (FAX)

Attorney for Plaintiff
*Nathan Conk*