IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NATHAN T. CONK,<br><br>　　　　　　　Plaintiff,<br>v.<br>HAAS OUTDOORS, INC. et al.,<br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [277] HAAS OUTDOORS, INC.'S MOTION FOR ATTORNEY FEES**<br><br>Case No. 2:10-cv-00005-DN<br><br>District Judge David Nuffer |

　　　　Defendant Haas Outdoors, Inc. ("Haas") filed a Motion for Attorney Fees (the "Fees Motion")[1] seeking fees and expenses incurred in defending this action from plaintiff Nathan T. Conk. Attorney fees may be awarded to the prevailing party in patent actions in "exceptional cases."[2] Even after the Supreme Court relaxed the Federal Circuit's "overly rigid" standard for imposing attorney fees in patent cases in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,[3] attorney fees for a prevailing party are far from presumed or standard. To the contrary, a case must "stand out from others with respect to the substantive strength of the party's litigating position" or "the unreasonable manner in which the case was litigated."[4] Because this is not an exceptional case, the Fees Motion is denied.

　　　　This case was not litigated in an unreasonable manner. Haas argues that Conk is a "patent troll" because (1) he sued numerous defendants after the camouflage business based on his

---

[1] Motion for Attorney Fees, docket no. 277, filed July 13, 2017.

[2] 35 U.S.C. § 285.

[3] 134 S.Ct. 1749, 1756 (rejecting the higher standard for applying 35 U.S.C. § 285 under *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005)).

[4] *Id.*

patented designs closed down; and (2) because he sought resolutions at less than the cost of a full defense in litigation.[5] Haas has no evidence beyond insinuation to support its claim regarding its co-defendants' settlement terms, let alone evidence of an unreasonable settlement strategy on Conk's part.[6]

This case is distinguishable from *Novartis Corporation v. Webvention Holdings LLC*,[7] cited by Haas. In *Novartis*, the District of Maryland granted a motion for attorney fees under 35 U.S.C. § 285 because the plaintiff pursued nuisance settlements by exploiting the high cost of patent litigation and by unnecessarily multiplying the proceedings, even after the Patent and Trademark Office ("PTO") found its patent claims invalid.[8] Here, Conk is the inventor of the camouflage designs at issue, and not just a patent warehouse. Although his efforts to run a profitable company selling products based on his designs failed, he had no less of a right to enforce his patents if they were valid. Conk cannot be faulted for attempting to enforce intellectual property rights in which he reasonably believed he had an interest. Nor can Conk be faulted for reaching settlement agreements with all of the other defendants. Most cases settle, and settlement of disputes by the parties is unquestionably favored. When Conk's position became untenable, he stipulated to dismissal.[9]

Nor does this case stand out from others with respect to the weakness of Conk's position against Haas. Conk obtained two U.S. patents, Patent No. 6,342,290 ("the '290 patent") and Patent No. 6,682,879 ("the '879 patent"), which he sought to enforce with this suit.[10] Because

---

[5] Fees Motion at 9–10.

[6] *Id.*

[7] Civil No. CCB-11-3620, 2015 WL 6669158 (D. Md. Oct. 28, 2015).

[8] *Id*. at *1–6.

[9] Joint Motion for Entry of Judgment, docket no. 273, filed June 23, 2017.

[10] Complaint at ¶ 3, docket no. 2, filed January 4, 2010.

patents are presumed valid, a patent holder has no obligation to assess validity prior to filing infringement claims.[11] Conk's claims survived summary judgment.[12] He withdrew his claims of infringement of the '290 patent when PTO made a preliminary finding on an *ex parte* reexamination that the '290 patent was invalid.[13] After withstanding an initial *ex parte* reexamination, the '879 patent's claims were cancelled by the PTO on Haas's two subsequent *ex parte* reexamination petitions.[14] Based on the PTO's findings, Conk conceded his infringement claims under the '290 patent by stipulating to judgment of dismissal.[15]

Haas argues that Conk failed to conduct an adequate pre-filing investigation, as demonstrated by Conk "including with the accused products four of Haas's patterns that had been on the market for over a year prior to Conk's application filing dates." Haas raised this argument in its summary judgment motion,[16] which was denied.[17] Haas has not shown that the depth of Conk's pre-filing investigation makes this an exceptional case.

Conk's patents did not hold up under reexamination by the PTO, and therefore Conk stipulated to dismissal. Conk lost this case, but losing in patent litigation is not exceptional. Attorney fees are awarded only in exceptional cases. The Fees Motion is denied.

---

[11] *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1303 (Fed. Cir. 2004) (citing 35 U.S.C. § 282).

[12] Order Denying Summary Judgment.

[13] Motion at 5.

[14] *Id.* at 6–7.

[15] Joint Motion for Entry of Judgment.

[16] Fees Motion at 10 (citing Motion for Summary Judgment at 1–2, docket no. 161, filed September 20, 2010).

[17] Order Denying Summary Judgment, docket no. 240, filed May 31, 2011.

**ORDER**

Having reviewed the Fees Motion, and for good cause appearing,

IT IS HEREBY ORDERED that the Fees Motion[18] is DENIED.

Dated December 5, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[18] Docket no. 277.